(Superior Court of Cincinnati.)

Special Term, May, 1897.

JOHN H. GELHAUS v. THE ALLEMANIA LOAN & BUILDING ASSOCIATION No. 2.

*Set-off—Section 5075, R. S., construed.—*
It is the intention of Section 5075, R. S., to include as a matter of set-off all causes of action that can arise upon contract, either express or implied, and whether liquidated or unliquidated; and in an action by a withdrawing shareholder of a building association for the amount of his paid-up installments, with dividends, the association may plead, by way of set-off and affirmative relief, any claim which the association may have against such withdrawing shareholder by reason of any moneys wrongfully and unlawfully paid out to him while acting as treasurer of such association.

Decided Thursday, May 27, 1897.

HUNT, J.

This case comes before the court on demurrer to the answer and cross-petition.

It appears that the plaintiff, since the 2d day of May, 1885, has been a depositing member of the defendant corporation, being the owner of two shares of stock, as shown by book No. 117, issued by the defendant; that according to said book the amount standing to the credit of the plaintiff is $705.92; that article XV of the constitution of the building association provides that "if a member desires to withdraw from it, he has to give notice of his intention, in writing, to the directors, who shall refund to him the paid installments, with dividends, after the immediate receiver of money is satisfied;" that on the 10th day of April, 1896, the plaintiff gave notice, in writing, of his intention to withdraw from the association, and demanded payment of the amount of his deposit, but was refused, although the immediate receiver of money had long since been satisfied.

The defendant, for answer and by way of cross-petition, says that during the years of 1888 and 1890, the plaintiff was the duly elected and qualified treasurer of the defendant, the Allemania Loan & Building Association No. 2, and that it was his duty, as such treasurer, to keep safely the moneys and funds of the defendant, and to pay them out only upon the order of the board of directors; that during these years, one Jacob Franzreb was the secretary of the association; that on or about the 16th day fo June, 1888, the secretary of the association drew an order on the plaintiff as such treasurer for $500, payable to the order of one Catharine Spatz, who was then a member and depositor in the association, and signed the same as such secretary; that the order was so drawn and signed without the order or direction or authority of the board of directors of the defendant, and that the plaintiff, without any authority from Catharine Spatz, and without any authority in law so to do, paid the sum of $500 to the secretary, out of the moneys and funds of the defendant, who appropriated it to his own use.

The same state of facts is alleged as to a second order of $500, drawn July 21, 1888, and payable to the order of Catharine Spatz, also, and as to a third order of for $500, drawn November 17, 1888, payable to the order of one Frederick Hanz, on which the sum of $300 was paid, and also as to a fourth order on January 25, 1890, for $113.91, payable to the order of Catharine Spatz, making the total amount of $1,413.91 so paid out to the plaintiff without the authority or direction of the board.

There is the usual allegation of the demand and refusal of payment, with a prayer that the claim may be set off against the claim of the plaintiff, and that the association may have judgment for the amount remaining due it after deducting the amount of plaintiff's claim.

The plaintiff demurs to the answer of the

defendant for the reason that the set-off does not state facts sufficient to entitle the defendant to the relief sought.

It is the contention of the demurrant that this is not a proper set-off under section 5075, Revised Statutes, which provides that "A set-off can only be pleaded in an action founded on a contract, and must be a cause of action arising upon a contract." It is claimed that it is necessary for the defendant to allege and prove collusion between the secretary and treasurer before it can recover from the plaintiff as upon contract, and that the law will imply a contract to repay money only where one receives the money of another which, in equity and good conscience, he ought not to retain.

It is urged that these respective vouchers were issued by the association, and their payment was one of the duties of the treasurer; and that while the treasurer of the association was possibly guilty of negligence, he was guilty of no greater degree of negligence than the other members of the board, and that the remedy, if any, is by an action in tort.

Hade v. McVay, Allison & Company et al, 31 Ohio St., 231, is cited to the effect that an action to recover usurious interest paid by a customer to a bank which discounted his note, is not an action arising on contract within the meaning of the statute, and reference is also made in support of the same proposition to Barbour v. The Bank, 50 Ohio S.. 90.

In the cases thus cited by counsel for plaintiff, the actions were for statutory penalties, which, of course, were not actions growing out of a contract, or sounding in contract.

Hade v. McVay simply decides that in an action authorized by the National Banking Act, of 1864, to recover back from the bank, as penalty, twice the amount of interest paid, the cause of such action does not arise upon contract within the meaning of Section 5075, and, therefore, is not available as a set off.

The case of Atchison, T. & S. F. R. R. Co. v. Phelps, 46 Pacif. 183 was also cited to sustain the claim of the defendant. This was an action growing out of the failure of the railway company to furnish cars for the shipment of live stock, in which the court held that where one person commits a wrong or tort against another without any intention of benefiting his own estate, and his own estate is not thereby benefited the law will not imply or presume a contract on the part of the wrong-doer to pay for resulting damages; and such cause of action can not be used as a set-off. The plaintiff sued on a contract. The defenses sought to be brought in were other separate and distinct transactions.

The answer alleges that the plaintiff was the duly elected and qualified treasurer of the defendant and that it was his duty, as such, to keep safely the moneys belonging to the defendant. When the plaintiff was elected treasurer, and accepted the office, that con-

stituted a contract on his part to faithfully perform the duties of his office. His failure to do so was a breach of the contract. There is nothing in the pleadings to show that the loss occurred solely through the wrong *doing of the secretary.* The statute does not limit the set-off to an express contract. It may be an action founded upon an implied contract, as well as one founded upon an express contract. Any action for a breach of contract is necessarily an action founded on contract.

The act of February 19, 1824, Swan's Stat., Ed. 1841, page 850, defines a set-off as "any debt, contract, book account or other liquidated demand." This was repealed by the code, and there is now no express limitation in section 5075, Revised Statutes. It is much broader in its language and intent.

The fair construction to be given to the language is, that it is intended to include, as a matter of set-off, every kind of cause of action, liquidated and unliquidated, which can arise upon contract express or implied.

In Fuller v. Steiglitz, assignee, 27 Ohio St., 355, the court expressly held that the set-off allowed by the code, instead of being limited, as formerly, to liquidated demands, extends to any cause of action founded on contract as ascertained by the decision of the court.

The court, in Needham v. Pratt, 40 Ohio St., 186, in commenting on this legislation, says "The difference between the two acts is significant and intended. The intention, it seems to us, was to make the set off as comprehensive as the causes in the petition to which it may be plead—to embrace any right of action on contract, express or implied, and whether it be a liquidated demand or for unliquidated damages. The scope of the counter-claim, and the liberal provisions for joinder of actions, and indeed the practice act, shows that one of its greatest objects was to enable and require parties, as far as practicable, to submit all their controversies for adjustment in a single action."

The spirit and intention of the code of civil procedure, is the avoidance of circuity and multiplicity of suits, when substantial justice is attainable without circuity and multiplicity. 20 Ohio St., 38.

Moreover the answer or cross-petition, as it may be styled under section 5059, Revised Statutes, seeks affirmative relief.

In Goebel v. Hough, 26 Minn. 252, it was held that the phrase "connected with the subject of the action," should receive a liberal construction, for the statute allowing counter claims, is a remedial one.

It is admitted for the purposes of the demurrer, that the plaintiff, without any authority from the board of directors, and without any authority from the parties to whom the respective orders were drawn payable and without any authority in law, paid out the sum of $1,431.91, from the money and funds of the defendant. Certainly the practice which allows the whole controversy to be settled in one action, can not be outside the spirit and intention of the civil code procedure.

The demurrer will be overruled, and ten days given to answer.

Tafel & Schott for the demurrer.

Von Seggern, Phares & Dewald, contra.